IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ANN ARROYO, | : | |
| | : | C.A. No: K13C-12-028 RBY |
| Plaintiff, | : | In and for Kent County |
| | : | |
| v. | : | |
| | : | |
| REGAL BUILDERS, LLC, REGAL | : | |
| CONTRACTORS, LLC, and PALA | : | |
| TILE & CARPET CONTRACTORS, INC., | : | |
| | : | |
| Defendants. | : | |

Submitted: August 2, 2016
Decided: September 20, 2016

*Upon Consideration of Defendant Pala Tile & Carpet Contractors, Inc.'s Motion for Summary Judgment*
**DENIED**

**ORDER**

Robert C. McDonald, Esquire, Silverman McDonald & Friedman, Wilmington, Delaware for Plaintiff.

Noel E. Primos, Esquire, Schmittinger & Rodriguez, P.A., Dover, Delaware for Defendants Regal Builders, LLC, and Regal Contractors, LLC.

Neil J. Levitsky, Esquire, Fox Rothschild, LLP, Wilmington, Delaware for Defendant Pala Tile & Carpet Contractors, Inc.

Young, J.

## SUMMARY

Plaintiff homeowner brought contract and tort claims against Defendant general contractor and Defendant subcontractor, alleging that flaws in construction of her new home resulted in the need to relocate and repair. Defendant subcontractor now moves for summary judgment on all claims against it based on a lack of privity of contract and of any direct liability to Plaintiff. Because factual issues remain relative to the application of the law to the circumstances here presented, Defendant subcontractor's motion is **DENIED**.

Additionally, Defendant contractor filed a response requesting permission to maintain its cross-claim against Defendant subcontractor. No party has moved to dismiss Defendant contractor's claims against Defendant subcontractor. Therefore, the "request" of Defendant contractor to continue its claim against Defendant subcontractor is not considered.

## FACTS AND PROCEDURES

In December 2011, Ann Arroyo ("Plaintiff") purchased and took delivery of a new construction home built by Defendant general contractor Regal Builders, LLC and Regal Contractors, LLC (combined, "Regal") with additional tiling and flooring work done by Defendant subcontractor Pala Tile & Carpet Contractors, Inc. ("Pala"). In December 2013, Plaintiff filed suit claiming breach of duty/negligence, breach of contract/negligence, and breach of express and implied warranty against Regal and Pala. Plaintiff alleges that significant defects in the home discovered during the first year of ownership necessitated her temporary relocation and repair. Defendant Pala now moves for summary judgment as to all claims against it.

2

## STANDARD OF REVIEW

Pursuant to Superior Court Civil Rule 56, summary judgment is appropriate when there is no genuine issue of material fact so that the moving party is entitled to judgment as a matter of law.[1] "Summary judgment may not be granted if the record indicates that a material fact is in dispute, or if it seems desirable to inquire more thoroughly into the facts in order to clarify the application of the law to the circumstances."[2] The court should consider the record in the light most favorable to the non-moving party.[3] The moving party bears the burden of showing that no genuine issues of material fact exist.[4]

## <u>DISCUSSION</u>

Counsel for Plaintiff, the party against which this Motion is filed, has asserted that issues of fact remain, contradicting moving Pala's statement that no issues of material fact exist. That bare allegation by Plaintiff may be sufficient, in itself, to preclude a summary judgment dismissal. In this case, there is very little presented to support either position. Hence, the outcome here will not hinge on that minimal factor. Rather, the analysis will concern the claims against moving Defendant in the tort or contractual context.

Pala moves for summary judgment as to the breach of contract claim, alleging

---

[1] *Tedesco v. Harris*, 2006 WL 1817086, at \*1 (Del. Super. June 15, 2006).

[2] *Id*.

[3] *Id*.

[4] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. Super. 1979).

3

that no privity of contract exists between Plaintiff and Pala. Pala also moves for summary judgment as to the breach of duty claim, asserting that no duty runs from subcontractor to property owner based on a separate contract between owner and general contractor. Finally, Pala moves for summary judgment on the breach of express or implied warranty, asserting that it cannot be held liable on this claim. Pala's central argument is that no contract or tort liability can attach given Pala's status as a subcontractor.

In response, Plaintiff admits that no privity of contract exists between Plaintiff and Pala. Instead, Plaintiff argues that Pala is accountable to her under third party beneficiary principles. According to Plaintiff, Pala was required to satisfy Regal's obligation under the contract to construct flooring consistent with its own plans and specifications.

If floors in a house are defective, the whole house is defective, as they are critical to the very nature of the project contracted for. So the party installing the floors, if that installation is faulty, is liable over to the home owner in tort, contract, either or both theories. Delaware case law has long and often recognized such liability.

## Contract Liability

In *Oliver B. Cannon and Son, Inc. v. Dorr-Oliver, Inc.*,[5] a premises owner sued a subcontractor for property damage caused by its poor workmanship.[6] The Delaware

---

[5] 336 A.2d 211 (Del. 1975).

[6] *Id.* at 213.

Supreme Court affirmed judgment finding that the subcontractor was liable to both the general contractor and the owner, holding that the owner was a third party beneficiary of the subcontract.[7] In the subsequent case of *Seiler v. Levitz Furniture Co.*,[8] the Supreme Court found negligence liability available under third-party beneficiary principles,[9] which concept Plaintiff urges this Court to adopt to find Pala accountable to Plaintiff as a third party beneficiary of the contract between Pala and Regal.

### *Tort Liability*

Delaware case law supports recovery by a plaintiff in a negligence action for economic losses even absent contractual privity with the defendant.[10] In *Guardian Construction Co. v. Tetra Tech Richardson, Inc.*,[11] the Delaware Superior Court addressed the development of the law and concluded that "privity of contract is not an indispensable prerequisite to the recovery of economic damages in negligence cases."[12] Liability may be imposed in favor of a third party beneficiary according to the following rule:

---

[7] *Id.* at 215-16.

[8] 367 A.2d 999 (Del. 1976).

[9] *Id.* at 1007.

[10] *See, e.g., Martin v. Ryder Truck Rental*, 353 A.2d 581 (Del. Super. 1976).

[11] 583 A.2d 1378 (Del. Super. 1990)

[12] *Id.* at 1386.

> where it is the intention of the promisee to secure performance of the promised act for the benefit of another, either as a gift or in satisfaction of an obligation to that person, and the promisee makes a valid contract to do so, then such third person has an enforceable right under that contract to require the promisor to perform or respond in damages.[13]

In numerous instances, the Court has rejected privity-based limitations to recovery, concluding that "in an action against a contractor for negligence which actually results in property damage privity is no longer a prerequisite to suit."[14] The Court explained this conclusion in detail:

> The defendant contractor's liability is premised upon the basic rule of negligence and is not dependent on the existence of privity. The defendant, as any other individual, has a duty to exercise ordinary care to guard against injury which flows as a foreseeable consequence of an act. The existence of a collateral contract...does not negate any obligations to plaintiff imposed in tort.[15]

Here, Plaintiff's claims survive Pala's Motion for Summary Judgment despite a lack of privity. Delaware law permits Plaintiff to maintain the contract, warrant, and tort claims against Pala. Further factual inquiry into the nature and language of the subcontract between Regal and Pala is desirable in order to determine whether Plaintiff has enforceable contract rights as a third party beneficiary. In addition, Pala

---

[13] *Id.* (citations omitted).

[14] *Travis v. Taralia*, 1986 WL 4856, at *4 (Del. Super. Apr. 23, 1986).

[15] *Id.*

may be liable to Plaintiff in tort for property damage alone. Therefore, Pala's Motion for Summary Judgment is **DENIED**. However, Plaintiff may not recover duplicate contract and tort damages.

### <u>CONCLUSION</u>

For the foregoing reasons, Defendant's Motion is **DENIED**.

**IT IS SO ORDERED**.

   /s/ Robert B. Young      
J.

RBY/lmc
*Via File & ServeXpress*
oc:    Prothonotary
cc:    Counsel
       Opinion Distribution